UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTASIA KIRKEBY,<br><br>               Plaintiff,<br>vs.<br><br>JP MORGAN CHASE BANK, N.A.;<br>CALIFORNIA RECONVEYANCE<br>COMPANY; and FIDELITY<br>NATIONAL FINANCIAL, INC.,<br><br>               Defendants. | CASE NO. 13cv377 WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss Plaintiff's Fifth Amended Complaint filed by Defendants Chase and CRC (ECF No. 57), the Ex Parte Motion to Amend and File Sixth Amended Complaint filed by Plaintiff (ECF No. 58), and the Ex Parte Motion for Miscellaneous Relief and for Imposition of Rule 11 Sanctions filed by Plaintiff (ECF No. 60).

**I. Background**

      On February 15, 2013, Plaintiff Anastasia Kirkeby, proceeding *pro se*, initiated this action by filing a Complaint against JP Morgan Chase Bank, N.A. ("Chase") and California Reconveyance Company ("CRC"), alleging various state law claims related to the foreclosure of a deed of trust secured with the real property located at 30651

Camino de Las Lomas, Escondido, California 92026. (ECF No. 1). On March 10, 2014, Plaintiff filed the Fifth Amended Complaint, which is the operative pleading, adding Fidelity National Financial, Inc. ("FNF") as a defendant.[1] (ECF No. 55).

On March 25, 2014, Defendants Chase and CRC ("Defendants") filed the Motion to Dismiss Plaintiff's Fifth Amended Complaint ("Motion to Dismiss") with an accompanying request for judicial notice. (ECF No. 57). On April 17, 2014, Plaintiff filed the Ex Parte Motion for Leave to Amend and File Sixth Amended Complaint ("Motion for Leave to Amend") and an opposition to the Motion to Dismiss. (ECF No. 58). On April 21, 2014, Defendants filed a reply to the Motion to Dismiss and an opposition to the Motion for Leave to Amend. (ECF No. 59). On May 13, 2014, Plaintiff filed the Ex Parte Motion for Miscellaneous Relief and for Imposition of Rule 11 Sanctions ("Motion for Sanctions") and a reply in support of the Motion for Leave to Amend. (ECF No. 60). On May 30, 2014, Defendants filed an opposition to the Motion for Sanctions. (ECF No. 63). On June 9, 2014, Plaintiff filed a sur-reply to the Motion to Dismiss, a sur-reply to the Motion for Leave to Amend, and a reply to the Motion for Sanctions. (ECF No. 65). On June 12, 2014, Plaintiff filed a sur-reply to the Motion for Sanctions. (ECF No. 67).

**II. Allegations of the Fifth Amended Complaint ("Fifth AC")**

When Plaintiff fell behind on mortgage payments, Chase, the loan servicer of Plaintiff's mortgage, CRC, and FNF engaged in "financial racketeering" by charging "marked-up" fees for default-related services. (ECF No. 55 at 4-5). Defendants marked up fees as much as 100%, charged fees that were "unnecessary and clearly inappropriate," and formed "various enterprises . . . designed to disguise through conversion the hidden marked-up fees." *Id.* at 5-6. Taking advantage of borrowers' inability to choose their loan servicers, Defendants "formed enterprises with their respective subsidiaries and affiliates." *Id.* at 6.

The marked-up fees charged to Plaintiff were in violation of the mortgage

---

[1] Defendant FNF has been served with the Fifth AC. (ECF No. 68).

agreement because only fees that are "'reasonable' or 'appropriate' to protect the note holder's and/or investor's interest in the property" are authorized under the agreement." *Id.* at 7. Defendants were aware of the impropriety of marked-up fees, and Defendants fraudulently concealed the marked-up fees as "Other Charges," "Other Fees," "Miscellaneous Fees," or "Corporate Advances." *Id.* Defendants would also represent that the unauthorized fees were in fact authorized by the mortgage. *Id.* at 19. As loan servicers, Defendants do not profit from interest and only profit from charging servicing-related fees. *Id.* at 8-9.

Chase used a loan servicing software program created by Chase and FNF, known as Fidelity MSP, "designed to manage the modification application process and places accounts in-default like Plaintiffs' account and assesses fees, according to a protocol designed by the executives at Defendant Chase and The Fidelity MSP software." *Id.* at 10. Fidelity MSP would "automatically implement decisions about how to manage borrowers' accounts," which was "[b]ased on parameters inputted into these programs." *Id.* Chase charged borrowers for property inspection fees, even when property inspections were unnecessary under the circumstances, by simply allowing the computers to order the default-related services and charge the fees "without human intervention." *Id.* at 14. Defendants removed certain fees from generated account statements to conceal the charging of legally prohibited fees. *Id.* at 11.

Defendants ordered default-related services from their subsidiaries who would obtain services from third-party vendors. The third-party vendors charged Defendants for their services, and Defendants marked-up the charges on borrowers' accounts. For example, Chase would charge defaulting borrowers Broker's Price Opinions ("BPOs") of $95 to $135 when the actual cost was $50 or less. *Id.* at 13.

As a result of these practices, Plaintiff is unable to become current on her loan. Her monthly payments are first applied to these fees before they are applied to principal and interest. *Id.* at 15. Plaintiff would not have paid these fees if she had known of their true nature. *Id.* at 19.

The Fifth AC asserts claims for: (1) fraud; (2) violation of California Business and Professions Code §§ 17200 *et seq.*; (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (4) violation of RICO, 18 U.S.C. § 1962(d); and (5) unjust enrichment. The Fifth AC seeks compensatory damages, restitution and disgorgement, treble damages, declaratory and injunctive relief, an order that Defendants engage in corrective advertising, interest, attorneys' fees, and costs.

**III. Motion to Dismiss (ECF No. 57)**

Defendants move to dismiss all of Plaintiff's claims for failure to state a claim. In opposition, Plaintiff does not address any of Defendants' specific contentions. Plaintiff generally contends that she has "met the standards.... as set forth in Federal Rules of Civil Procedure 8(a) & 9(b)" and that "Chase is on notice and capable of giving a responsive answer as their motion to dismiss includes multiple arguments and responses to Plaintiff's FAC." (ECF No. 58 at 4, 8). Plaintiff also contends that the Fifth AC has sufficiently alleged "negligence and liability against Defendants JP Morgan Chase and California Reconveyance" on agency and respondeat superior theories. *Id.* at 8-10. In reply, Defendants contend that Plaintiff's Fifth AC should be dismissed for filing an opposition four days late and failing to address Defendants' substantive arguments regarding each of her claims. In sur-reply, Plaintiff asserts that Defendants "erroneously offered up settlement in order to distract Plaintiff and intentionally cause Plaintiff's delay in opposing Defendants' Motion to Dismiss." (ECF No. 60 at 7-8).

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient

facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

**B. Fraud**

Defendants contend that Plaintiff has failed to plead fraud with particularity, as required by Rule 9(b). In particular, Defendants contend that the Fifth AC is devoid of

1 dates, times, and specific documents. Defendants contend that Plaintiff has failed to
2 identify how or when she discovered the statements were allegedly false. Defendants
3 also contend that there is nothing false about disclosing the fees as "other fees" or
4 "miscellaneous fees." (ECF No. 57-1 at 12). Defendants further contend that Plaintiff
5 could not have relied on the misrepresentation of the fees because she could have
6 inquired into the nature of the fees before paying them. Finally, Defendants contend
7 that Plaintiff's fraud claim is essentially one for breach of contract, barred by the
8 economic loss doctrine.

9 "The elements of fraud, which give rise to the tort action for deceit, are (a)
10 misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge
11 of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable
12 reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638
13 (1996) (citations and internal quotations omitted).

14 The Fifth AC generally alleges Defendants' default-related fees practice and that
15 she was injured as a result, but it alleges no specifics as to the fraud allegedly
16 committed on Plaintiff individually. There are no allegations of the dates or frequency
17 Plaintiff received the allegedly misleading borrowers' statements. There are no
18 allegations describing how the fees were categorized on Plaintiff's statements, or how
19 she relied on each misleading statement. *See Vess*, 317 F.3d at 1106; *Ware v. Bayview
20 Loan Servicing, LLC*, No. 13-CV-1310, 2013 U.S. Dist. LEXIS 163346, at *23 (S.D.
21 Cal. Oct. 29, 2013) (dismissing fraud-based UCL claim premised on the allegation that
22 a loan servicer's "concealment of its 'marked-up and/or unnecessary fees for default-
23 related services,'" as failing to meet Rule 9(b)'s heightened pleading standard, when
24 lacking allegations of the time, place and manner of the alleged fraud). To the extent
25 Plaintiff asserts a fraud claim based on an affirmative misrepresentation, Plaintiff has
26 failed to identify a false statement. The Fifth AC also fails to allege why identifying
27 the charges only as "Miscellaneous Fees," "Corporate Advances," "Other Fees," or
28 "Advances" is false or misleading. The Fifth AC does not plead fraud with the

particularity required by Rule 9(b).

Defendants' motion to dismiss Plaintiff's fraud claim is granted.

**C. Violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200** *et seq.*

Defendants contend that Plaintiff's UCL claim is grounded in fraud and fails to comply with Rule 9(b). As to the unlawful prong, Defendants contend that Plaintiff fails to identify a predicate law violation. Finally, Defendants contend that Plaintiff's UCL "unfair" claim is preempted by the National Banking Act, 12 U.S.C. § 24.

Under the UCL, any person or entity that has engaged "in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code §§ 17201, 17203. "Unfair competition" includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* § 17200. The UCL's "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 973 P.2d 527, 539 (1999) (internal quotations and citation omitted). The UCL "unlawful" prong essentially "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* at 539–40 (internal quotations and citation omitted). To state a claim under the "fraudulent" prong of the UCL, "it is necessary only to show that members of the public are likely to be deceived" by the business practice. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009). California Courts of Appeal have formulated three tests for determining "unfair" business practices, and the Ninth Circuit has approved of two of them. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 736-37 (9th Cir. 2007).

Plaintiff alleges that "Defendants' omissions of material facts, as set forth herein, constitute an unlawful practice because they violate Title 18 United States Code sections l341, l343 and 1962, as well as California Civil Code sections 1572,1573,1709,1710, and 1711, among others, and the common law." (ECF No. 55

at 18). Plaintiff also alleges that "Defendants' omissions of material facts, as set forth herein, also constitute 'unfair' business acts and practices within the meaning of California Business and Professions Code sections17200 *et seq.*, in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous." *Id*. Finally, Plaintiff alleges that Defendants' practices were "fraudulent" under the UCL because they were "false, misleading, or likely to deceive the public within the meaning of California Business and Professions Code section 17200. Defendants' concealment was made with knowledge of its effect, and was done to induce Plaintiff to pay the marked-up and/or unnecessary fees for default-related services." *Id.* at 19.

Plaintiff's UCL claim is based on Defendants' fraudulent concealment or failure to disclose the true nature of marked-up, default-related fees. Because this claim sounds in fraud, it is subject to the heightened pleading standard of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (noting that a UCL claim "may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).") (citing *Vess*, 317 F.3d at 1103-04). Plaintiff's UCL claim fails to comply with Rule 9(b) for the same reasons stated for Plaintiff's fraud claim.

Defendants' Motion to Dismiss Plaintiff's UCL claim is granted.

**D.  Violation of RICO, 18 U.S.C. §§ 1962(c), (d)**

Defendants contend that Plaintiff's RICO claims fail to meet the heightened pleading requirement of Rule 9(b). Defendants contend that Plaintiff has failed to allege the existence of an enterprise that includes any entity other than Chase, and formed for the "common purpose of fraudulently concealing marked up fees." (ECF No. 57-1 at 23). Defendants contend that Plaintiff has failed to plead a pattern of racketeering activity by failing to allege any specifics as to the alleged fraud. Finally, Defendants contend that Plaintiff's failure to plead the elements of a substantive RICO

violation precludes a RICO conspiracy claim.

Plaintiff's RICO claims are premised on the same practices as Plaintiff's fraud and UCL claims. Plaintiff alleges that Defendants "unlawfully marked-up fees in violation of Plaintiff's mortgage agreements" and concealed them as "'Other Charges,' 'Other Fees,' 'Miscellaneous Fees,' or 'Corporate Advances.'" (ECF No 55 at 21). Plaintiff also alleges that Defendants falsely told her that "such fees are 'allowed by [borrower's] Note and Security Instrument,' or that they are '[i]n accordance with the terms of your mortgage.'" *Id.* at 21-22. Plaintiff's RICO claims sound in fraud, and like her fraud and UCL claims, they fail to comply with Rule 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims.").

Section 1962(c) prohibits "any person employed by or associated with any enterprise" from "conduct[ing] or [participating], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). "'[P]erson' includes any individual or entity capable of holding a legal or beneficial interest in property[.]" 18 U.S.C. § 1961(3). "'[E]nterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individiuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). 18 U.S.C. § 1962(c) has a distinctiveness requirement, and "liability 'depends on showing that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs.'" *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162-63 (2001) (citing *Reves v. Ersnt & Young*, 507 U.S. 170, 185 (1993)). In order to allege an association-in-fact enterprise, a plaintiff must allege: (1) "a group of persons associated together for a common purpose of engaging in a course of conduct," (2) "an ongoing organization, either formal or informal," and (3) "the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552-53 (9th Cir. 2007).

Plaintiff alleges that "Defendant J.P. Morgan Chase & Co., and its subsidiaries, defendant J.P. Morgan Chase Bank, N.A., and defendant Chase Home Finance LLC, formed an enterprise and devised a scheme to defraud borrowers and obtain money from them by means of false pretenses." (ECF No. 55 at 13). Plaintiff also alleges that "Chase's enterprise is an ongoing, continuing group or unit of persons and entities associated together for the common purpose of limiting costs and maximizing profits by fraudulently concealing assessments for unlawfully marked-up and/or unnecessary fees for default-related services on Plaintiff's account." *Id.* at 20

The conclusory allegation that Chase formed an enterprise with its subsidiaries is insufficient to meet RICO's distinctiveness requirement. *See In re Countrywide Fin. Corp. Mortg. Markg. and Sales Practices Litig.*, 601 F. Supp. 2d 1201, 1214 (2009) ("Although the Ninth Circuit has not decided whether a parent and its subsidiary satisfies the distinctiveness requirement, other circuits have decided that these entities are not sufficiently distinct.") (collecting cases). Even if Chase and its subsidiaries met the distinctiveness requirement to form an association-in-fact enterprise, Plaintiff has failed to allege facts demonstrating that the individual units of this alleged enterprise "function as a continuing unit." *Odom*, 486 F.3d at 552; *see also Ellis v. J.P Morgan Case & Co.*, 950 F. Supp. 2d 1062, 1089 (N.D. Cal. 2013) ("Here, Plaintiffs repeatedly state that subsidiaries, affiliated companies, and intercompany divisions are members of the enterprise. However, Plaintiffs fail to specifically identify these members or to provide any factual allegations to detail their involvement or make their involvement in the enterprise plausible."). Plaintiff has failed to adequately allege facts to support the existence of a RICO enterprise.

Defendants' Motion to Dismiss Plaintiff's section 1962(c) claim is granted. Because Plaintiff has failed to allege an enterprise, Plaintiff's section 1962(d) claim must also be dismissed. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO.") (quoting *Howard v. Am. Online*

*Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

### E. Unjust Enrichment

Defendants contend that an unjust enrichment claim is not a stand-alone cause of action under California law and must fail because Plaintiff's other claims fail. Defendants also contend that Plaintiff's unjust enrichment claim is barred "because she alleges that a binding contract existed between her and Chase." (ECF No. 57-1 at 26). Defendants contend that Plaintiff's unjust enrichment claim is preempted by the National Banking Act because it is based on Chase's assessment of non-interest changes and fees.

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1594 (2008) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so. [Citation]. [I]n any event, ... there is no particular form of pleading necessary to invoke the doctrine of restitution." *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 939 (2009) (citation and internal quotations omitted). A "cause of action for breach of contract [can] fully raise[ ] all the facts and circumstances in which equity could contemplate a quasi-contractual remedy . . ." *Id.* "However, as a matter of law, a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*, 94 Cal. App. 4th 151, 172 (2001). "Restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004).

Plaintiff's unjust enrichment claim repeats substantially the same fraud-based allegations that were alleged in her fraud, RICO and UCL claims. To the extent Plaintiff's unjust enrichment claim is premised on Defendants' alleged fraudulent

concealment of the nature of marked-up fees or Defendants' allegedly false representations that the fees were authorized, it fails to comply with Rule 9(b).

Plaintiff also alleges that "[t]he mortgage contract between Defendants and borrowers like Plaintiff to pay for default-related services when necessary or appropriate, and to be reimbursed by the borrower, but it does not authorize Defendants to mark-up the actual cost of those services to make a profit, nor does it allow Defendants to incur unnecessary fees." (ECF No. 55 at 24). As a result, Plaintiff alleges that she was "unjustly deprived." *Id.* at 24. To the extent Plaintiff's unjust enrichment claim is premised on a breach of the mortgage agreements, the mortgage agreements must be "unenforceable or ineffective for some reason." *McBride*, 123 Cal. App. 4th at 387. Plaintiff has pled no facts to support such an allegation. Plaintiff has failed to state a plausible unjust enrichment claim premised on quasi-contract principles. *See In re Sony Gaming Networks and Customer Data Security Breach Litigation*, MDL No. 11md2258, — F. Supp. 2d —, 2014 WL 223677, at *28 (S.D. Cal. Jan. 21, 2014) ("[B]ecause Plaintiffs do not argue that the agreements are somehow invalid or otherwise unenforceable, Plaintiffs are not permitted to plead unjust enrichment as an alternative to breach of contract claims.") (dismissing unjust enrichment claim without leave to amend); *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389 (2012) (affirming dismissal of a plaintiff's unjust enrichment cause of action because "the plaintiffs' pleadings and briefs do not provide any explanation as to why the [contract] referenced in their breach of contract claim might be unenforceable or otherwise not qualify as a contract").

The Court concludes that the Fifth AC fails to state a claim for unjust enrichment. Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim is granted.

**IV. Motion for Leave to Amend and File Sixth Amended Complaint (ECF No. 58)**

Plaintiff requests leave to amend in order to "plead the true legal capacity of [Chase]," add a general negligence claim against all Defendants, add a "product liability/strict liability" claim against FNF, and plead RICO and other fraud-based

claims with a higher degree of specificity. (ECF No. 58 at 3-4). Plaintiff also requests that the Court "grant the motion for leave to amend the FAC and rewind to it as the operative pleading in this case." *Id.* at 11. Plaintiff contends that adding a negligence claim is proper because "Plaintiff excusably neglected to include in the Fifth Amended Complaint, as well as inadvertently leaving out the requisite reference to the earlier complaints which pled negligence." (ECF No. 60 at 6-7).

Defendants assert that Plaintiff should not be entitled to file a sixth amended complaint because amendment would be futile. Defendants also assert that Plaintiff's request to add new claims is in contravention of the Court's February 5, 2014 Order, requiring Plaintiff to set forth "all of Plaintiff's claims for relief against all Defendants." (February 5, 2014 Order, ECF No. 48 at 2). Defendants contend that Plaintiff's opportunity to demonstrate that Plaintiff could plead fraud with particularity was in her opposition to the Motion to Dismiss.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course, and after that with either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*

However, an amendment must be complete in and of itself. *Greene v. Jones*, 372 Fed. App'x 756, 757 (9th Cir. 2010); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supercedes the original, the latter being treated thereafter as non-existent."). Civil Rule 15-2 of the Local Rules of the United States District Court for the Southern District of California provides that "... every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be retyped and filed so that it is complete in itself without reference to the superseded pleading." S.D. Cal. Civ. L.R. 15.1.

The Court will allow Plaintiff to file a sixth amended complaint which sets forth *all* of Plaintiff's claims for relief. The sixth amended complaint will replace and supercede *all* preceding complaints, and shall be complete in itself without reference

to any of the preceding complaints. Nothing in any of the prior pleadings may be incorporated by reference. If Plaintiff fails to replead any of her claims, those claims will be waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

If Plaintiff does not file a sixth amended complaint within **twenty (20) days** from the date this Order is filed, the Fifth Amended Complaint will remain the operative pleading in this case.

## V. Motion for Sanctions

Plaintiff requests Rule 11 sanctions because Defendants have committed "litigation abuse by unreasonably multiplying the proceedings in a vexatious manner" by "consistently filing Motions to Dismiss" and not serving Plaintiff with a reply brief to the Motion to Dismiss. (ECF No. 60 at 2). Plaintiff contends she is "legally and procedurally entitled to commence Discovery and this court should compel Defendants, if needed, to uphold their duty to Dislcose in this civil action." *Id.* Defendants assert that Plaintiff was served with the reply brief. Defendants also assert that by Plaintiff's own declaration, the settlement discussions were not held during the time Plaintiff's opposition was due. Defendants contend that there is nothing sanctionable about filing motions to dismiss, particularly where the amended complaints bear little resemblance with each other and there has been no opportunity for the Court to address the merits of any of the amended complaints. Finally, Defendants contend that Plaintiff has failed to comply with the procedural requirements of Rule 11 and Local Rule 83.3(h).

Federal Rule of Civil Procedure 11 provides, in pertinent part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by

> existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(b), (c)(1), (c)(2). Rule 11 places "stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 contains a "safe harbor" provision, which requires a party seeking sanctions "to give the opposing party 21 days" to withdraw or otherwise correct the offending paper before filing the motion for sanctions. *Id.* at 678; Fed. R. Civ. P. 11(c)(1)(A). The Court of Appeals for the Ninth Circuit enforces the safe harbor provision "strictly," and "must reverse the award of sanctions when the challenging party [fails] to comply with the safe harbor provisions, even when the underlying filing is frivolous." *Id.* at 678; *see also Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (finding that plaintiff's informal warnings did not satisfy the "strict requirement that a motion be served on the opposing party twenty-one days prior to filing."); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wretch both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion."); *Bailey v. Root,* No. 10cv0367,

1 2010 WL 2803950, at *5 (S.D. Cal. July, 14 2010) (denying request for sanctions on
2 the grounds that the movant did not comply with the safe harbor provision).

3       Plaintiff did not comply with the procedural requirements of Rule 11. First,
4 Plaintiff's Motion for Sanctions was brought as one motion with a reply in support of
5 the Motion for Leave to Amend and a sur-reply in opposition to the Motion to Dismiss.
6 Second, in the Motion for Sanctions, Plaintiff does not state that she complied with with
7 Rule 11's safe harbor provisions. (ECF No. 60). Defendants' counsel states that he was
8 not aware of Plaintiff's intention to file a Rule 11 motion until it was filed. (Norton
9 Decl. ¶ 2, ECF No. 63-1 at 1).

10       Plaintiff's Motion for Sanctions is denied.

11 **VI. Conclusion**

12       IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Fifth
13 Amended Complaint (ECF No. 57) is GRANTED. All claims in the Fifth Amended
14 Complaint against Chase and CRC are dismissed without prejudice.

15       IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion to Amend and File
16 a Sixth Amended Complaint (ECF No. 35̶ 58) is GRANTED. Plaintiff shall file a Sixth
17 Amended Complaint within **twenty (20) days** from the date this Order is filed.

18       IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion for Miscellaneous
19 Relief and for Imposition of Rule 11 Sanctions (ECF No. 60) is DENIED.

20 DATED: September 3, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

(mdc)